UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY N.  HAYES,                          Case No. 11-14596

        Plaintiff,                          Robert H. Cleland
v.                                           United States District Judge

COMMISSIONER OF SOCIAL SECURITY,             Michael Hluchaniuk
                                             United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 15, 17)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On October 19, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Robert H. Cleland referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits.  (Dkt. 3).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 15, 17).

B.      Administrative Proceedings

Plaintiff filed the instant claims on March 31, 2009, alleging that she

became unable to work on June 10, 2005.  (Dkt. 9-2, Pg ID 42).  The claim was

initially disapproved by the Commissioner on August 21, 2009.  (Dkt. 9-2, Pg ID

42).  Plaintiff requested a hearing and on April 21, 2011, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) Michael R. McGuire, who

considered the case *de novo*.  In a decision dated October 7, 2011, the ALJ found

that plaintiff was not disabled.  (Dkt. 9-2, Pg ID 42-50).  Plaintiff requested a

review of this decision on June 10, 2011.  (Dkt. 9-2, Pg ID 38).  The ALJ's

decision became the final decision of the Commissioner when, after the review of

additional exhibits,[1] the Appeals Council, on May 24, 2011, denied plaintiff's

request for review.  (Dkt. 9-2, Pg ID 39-41); *Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was 42 years of age at the time of the most recent administrative hearing. (Dkt. 9-2, Pg ID 49). Plaintiff's has past relevant work history as a certified nurse's assistant. (Dkt. 9-2, Pg ID 49). In denying plaintiff's claims, defendant Commissioner considered chronic obstructive pulmonary disease (COPD) with asthmatic bronchitis, morbid obesity, alcohol dependence, alcohol induced depression and anxiety disorder, obstructive sleep apnea, fibromyalgia, degenerative joint disease of the left shoulder, degenerative disc disease of the cervical spine and osteoarthritis of the right great toe. (Dkt. 9-2, Pg ID 44).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since June 10, 2005, the alleged onset date. (Dkt. 9-2, Pg ID 44). At step two, the ALJ found that plaintiff's chronic obstructive pulmonary disease (COPD) with asthmatic bronchitis, morbid obesity, alcohol dependence, alcohol induced depression and anxiety disorder, obstructive sleep apnea, fibromyalgia, degenerative joint disease of the left shoulder, degenerative disc disease of the cervical spine and osteoarthritis of the right great toe were "severe" within the

meaning of the second sequential step. *Id.* At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 9-2, Pg ID 45). At step four, the ALJ found plaintiff unable to perform any past relevant work, but capable of performing a limited range of sedentary work. (Dkt. 9-2, Pg ID 46). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 9-2, Pg ID 49).

     B.    <u>Plaintiff's Claims of Error</u>

     According to plaintiff, while the record supports a finding that she suffered from depression and anxiety disorder, the record does not support the ALJ's conclusion that these conditions were alcohol-induced. According to plaintiff, the addition of this qualifier allowed the ALJ to not fully consider plaintiff's non-exertional limitations when assessing her RFC. Plaintiff also contends that her mental impairments should have been considered pursuant to three (3) different diagnostic categories: 12.04 Affective Disorders (for the life long depression evidenced by the record), 12.06 for Anxiety-Related Disorders, and 12.09 for Substance Abuse Disorders. The ALJ, however, only considered the later two categories. Further the record supported a moderate degree of limitation in restrictions of activities of daily living, maintaining social functioning, and difficulties in maintaining concentration, persistence and pace. (Dkt. 9-10, Pg ID

674).  According to plaintiff, her testimony regarding how her mental impairments restricted her activities on a regular basis combined with the long standing treatment she received and which was supported by the medical records makes a finding of moderate restrictions in these areas appropriate.  Plaintiff contends that by failing to even consider one of the diagnostic categories and not properly reviewing the "paragraph B" criteria, the decision of the ALJ does not consider the record as a whole as required by the regulations.  According to plaintiff, because the ALJ did not address all of the limitations that were supported by the record, the decision of the ALJ is not supported by substantial evidence on the record as a whole.

In this case, the VE testified in response to the ALJ's hypothetical question.  Next, plaintiff contends that the hypothetical question posed to the VE did not include all of her limitations, which were established by the medical record, the question did not accurately portray her physical and mental impairments.  Plaintiff asserts that the objective medical evidence supports her statements regarding severity of the pain and that the medical records established a condition for which the severity of pain as described reasonably expected to follow.

C.    Commissioner's Motion for Summary Judgment

According to the Commissioner, the ALJ reasonably evaluated plaintiff's

mental impairments and substantial evidence supports the ALJ's finding that plaintiff's mental impairments did not meet or equal a listed impairment. Substantial evidence supported the ALJ's step-two finding that plaintiff's mental impairments included alcohol induced depression and anxiety disorder. (Tr. 11). In particular, the ALJ's finding was supported by the July 2009 medical report from the consultative examiners Kimberly Lem, a limited licensed psychologist, and George Starret, a licensed psychologist, who diagnosed plaintiff with generalized anxiety disorder and alcohol dependence. (Tr. 616). The ALJ's finding was also supported by the findings from Dr. Paul Liu, the state agency psychiatrist who reviewed plaintiff's medical records, and found that plaintiff had an anxiety-related disorder and substance addiction disorder. (Tr. 623, 639).

According to the Commissioner, contrary to plaintiff's brief, her alcohol consumption is well-documented within the record. In fact, plaintiff reported that she drank six beers per day and the medical findings indicated that plaintiff's alcohol dependence was related to her mental condition. (Tr. 615). The Commissioner argues that, even if alcohol was not the direct cause of plaintiff's depression and anxiety, the ALJ's finding at step two did not adversely affect plaintiff or materially alter the ALJ's analysis of plaintiff's mental impairments. Rather, the ALJ continued to step three of the sequential evaluation and reasonably considered whether plaintiff's mental impairments met or medically

equaled one of the listed impairments.

The Commissioner also urges the Court to reject plaintiff's argument that the ALJ incorrectly evaluated whether her impairments met the criteria for an affective disorder under Listing 12.04 rather than an anxiety-related disorder under Listing 12.06. The Commissioner contends that the name of the Listing that the ALJ considered is not grounds for remand or reversal because the ALJ still properly evaluated whether plaintiff's mental impairments produced limitations under the "paragraph B" criteria as required by the regulations. Specifically, the ALJ noted that plaintiff had mild limitations in activities of daily living; mild limitations in social functioning; and moderate limitations in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation (Tr. 12-13). Thus, the Commissioner asserts that because the ALJ evaluated plaintiff's mental impairments under the proper method, plaintiff's argument that the ALJ did not consider the paragraph B criteria lacks merit.

The Commissioner next argues that even if plaintiff's "broad" assertion that the record reflects moderate restrictions under the four paragraph B categories were accepted, such moderate limitations in the four broad "paragraph B" categories would still not satisfy a Listing because plaintiff must show "marked" limitations in two or more of the categories. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C). Thus, the Commissioner contends that plaintiff has failed

to carry her burden that her impairments met or equaled a Listing. *See Roby v. Comm'r of Soc. Sec.*, 48 Fed.Appx. 532, 536 (6th Cir. 2002) ("The claimant has the burden at the third step of the sequential evaluation to establish that he meets or equals a listed impairment").

The Commissioner also argues that plaintiff's argument overlooks the fact that the ALJ reasonably evaluated plaintiff's testimony and medical record, and reasonably concluded that plaintiff's impairments were not disabling. In particular, the ALJ's findings were supported by the mental residual functional capacity assessment prepared by Dr. Liu, who rated plaintiff's mental ability to perform twenty different tasks, and found that plaintiff was not significantly limited in fourteen of the tasks and only moderately limited in six of the tasks. (Tr. 637-38). Dr. Liu concluded that plaintiff could do simple tasks in a work setting. (Tr. 639). The ALJ's finding was further supported by plaintiff's description of her own abilities, which included caring for her grandchildren, completing chores for her family such as cleaning, laundry, and some grocery shopping. (Tr. 237-40). Plaintiff also reported that she was capable of following written and spoken instructions "pretty well." (Tr. 242). Although plaintiff testified that she was anxious and easily overwhelmed (Tr. 47-49), the Commissioner asserts that her testimony, by itself, does not demonstrate debilitating or greater limitations than the ALJ found. Thus, based on the medical

Report and Recommendation
Cross-Motions for Summary Judgment
*Hayes v. Comm'r*; Case No. 11-14596

evidence and plaintiff's reports, the Commissioner asks the Court to conclude that the ALJ reasonably concluded that plaintiff did not satisfy the "paragraph B" criteria, and therefore, did not meet or medically equal a Listing.

The Commissioner also contends that the ALJ's hypothetical question to the VE fully accounted for all of plaintiff's mental and physical restrictions. At the administrative hearing, the ALJ asked the vocational expert to assume a hypothetical individual with plaintiff's background who was limited to sedentary work that did not involve kneeling, crouching, crawling, or climbing. (Tr. 55-57). He also restricted the hypothetical individual's ability to reach above shoulder level with her non-dominant, left upper extremity, and restricted her from moderate exposure to pulmonary irritants. (Tr. 55-57). The ALJ also limited such a person to only unskilled work. (Tr. 57). Based on these assumptions, the vocational expert testified that such a person could perform thousands of jobs in the economy. (Tr. 56-57). According to the Commissioner, in forming the hypothetical question, the ALJ reasonably evaluated plaintiff's complaints of pain and the extent to which these complaints were consistent with the medical and other evidence. (Tr. 13). Here, the ALJ's hypothetical question was supported by the medical record and other evidence, and not based solely on plaintiff's unsupported allegations. In contrast, the Commissioner maintains that plaintiff merely offers a conclusory argument that her complaints of pain exhibit

greater limitations than the ALJ found, without making any attempt to support her

assertion.  For example, the Commissioner asserts that plaintiff fails to identify

any medical opinion or evidence demonstrating that she had disabling pain.

Plaintiff's argument also ignores the fact that the ALJ reasonably evaluated

plaintiff's medical condition and reasonably accounted for her credible limitations

in the hypothetical question and RFC finding.  Because plaintiff has not shown

that the ALJ overlooked any evidence and has not provided any explanation that

demonstrates that her pain was debilitating, plaintiff's arguments lack merit, and

the Commissioner, therefore, urges the Court to conclude that the ALJ's RFC

finding and hypothetical question do not warrant remand or reversal.

## III.    ANALYSIS AND CONCLUSION

### A.    <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is

not found during this administrative review process, the claimant may file an

action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted);

Report and Recommendation
Cross-Motions for Summary Judgment
*Hayes v. Comm'r*; Case No. 11-14596

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq.*).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.

> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe

impairment meets or equals one of the impairments listed
in the regulations, the claimant is conclusively presumed
to be disabled regardless of age, education or work
experience.

Step Four:  If the claimant is able to perform his or her
past relevant work, benefits are denied without further
analysis.

Step Five: Even if the claimant is unable to perform his
or her past relevant work, if other work exists in the
national economy that plaintiff can perform, in view of
his or her age, education, and work experience, benefits
are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

Report and Recommendation
Cross-Motions for Summary Judgment
*Hayes v. Comm'r*; Case No. 11-14596

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusions</u>

        1.    Mental impairment

At Step 3 of the sequential analysis, plaintiff retains the burden of proving that she met or medically equaled a Listing. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Listing 12.04 describes affective disorders and provides, in relevant part:

> Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation. The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>     1. Depressive syndrome characterized by at least four of the following:
>         a. Anhedonia or pervasive loss of interest in almost all activities; or

b. Appetite disturbance with change in weight; or
c. Sleep disturbance; or
d. Psychomotor agitation or retardation; or
e. Decreased energy; or
f. Feelings of guilt or worthlessness; or
g. Difficulty concentrating or thinking; or
h. Thoughts of suicide; or
i. Hallucinations, delusions, or paranoid thinking ...

\* \* \*

AND

B. Resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration[.]

OR

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.04. Plaintiff offers no analysis whatsoever showing that the record evidence satisfies Listing 12.04. Thus, the undersigned finds no error in this regard as plaintiff fails to even minimally meet her burden.

The undersigned concludes that plaintiff's argument regarding the ALJ's consideration of her alcohol dependence is so undeveloped that it cannot be considered. Plaintiff's entire argument in this regard is as follows: "While the record supports a finding that the Claimant suffered from a depression and an anxiety disorder, the record did not support a statement that these were alcohol induced. The addition of that qualifier allowed the Administrative Law Judge to not fully consider the non-exertional limitations when assessing the Claimant's residual functional capacity." (Dkt. 15, Pg ID 942-943). It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995). And, the court is not obligated to make plaintiff's case for them or to "wade through and search the entire record" for some specific facts that might support [her] motion. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

Plaintiff also fails to explain how the ALJ's evaluation of the B Criteria was inadequate.  Plaintiff merely argues that the ALJ did "not properly review[] the 'paragraph B' criteria" and did not "consider the record as a whole as required by the regulations.  It is clear that these documented medical difficulties, either individually or in combination, significantly limit the Claimant's physical and mental abilities to do basic work activities.  *See* 20 C.F.R. § 404.1520(c); 416.920(c). That the ALJ did not address all of the limitations that were supported by the record, establishes that the decision of the ALJ is not supported by substantial evidence on the record as a whole."  This bare-bones assertion of error is insufficient.

### 2.    Single Decision-Maker[2]

In this case, the single-decision maker (SDM) model was used pursuant to 20 C.F.R. §§ 404.906(b)(2).  This regulation provides streamlined procedures as an experiment, in which State Agency disability examiners may decide cases without documenting medical opinions from State Agency medical consultants. The "single decisionmaker model" was an experimental modification of the disability determination process that happens to have been used in Michigan.  *See Leverette v. Comm'r*, 2011 WL 4062380 (E.D. Mich. 2011).  This experiment

---

[2]  The Court raises this issue *sua sponte*, given the serious nature of the error and the pattern of repetition of this same error since the implementation of the single decision-maker model in Michigan.

eliminated the reconsideration level of review and allowed claims to go straight from initial denial to ALJ hearing. *Id*. Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants. *Id*., citing 20 C.F.R. §§ 404.906(b)(2), 416.1406(b)(2). The Programs Operations Manual System (POMS) requires it to "be clear to the appeal-level adjudicator when the SSA-4734-BK [the PRFC assessment form] was completed by an SDM because SDM-completed forms are not opinion evidence at the appeal levels." POMS DI § 24510.05. In this case, there was "Disability Determination Explanation" completed by an SDM, Michelle Ferris. (Dkt. 9-10, Pg ID 689). Thus, no medical opinion was obtained at this level of review, in accordance with this model.

While the ALJ did not rely on the opinions of the SDM, which would have been wholly improper, the lack of any medical opinion on the issue of equivalence is still an error requiring remand. As set forth in *Stratton v. Astrue*, — F.Supp.2d —; 2012 WL 1852084, *11-12 (D. N.H. 2012), SSR 96-6p describes the process by which ALJs are to make step-three determinations:

> The administrative law judge ... is responsible for
> deciding the ultimate legal question whether a listing is
> met or equaled. As trier of the facts, an administrative
> law judge ... is not bound by a finding by a State agency
> medical or psychological consultant or other program

physician or psychologist as to whether an individual's impairment(s) is equivalent in severity to any impairment in the Listing of Impairments. However, *longstanding policy requires that the judgment of a physician* (or psychologist) *designated by the Commissioner on the issue of equivalence on the evidence* before the administrative law judge ... *must be received into the record as expert opinion evidence and given appropriate weight.*

1996 WL 374180, at *3 (emphasis added); *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) ("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue.") (citing 20 C.F.R. § 1526(b)); *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir. 1995) ("Generally, the opinion of a medical expert is required before a determination of medical equivalence is made.") (citing 20 C.F.R. § 416.926(b)); *Modjewski v. Astrue*, 2011 WL 4841091, at *1 (E.D. Wis. 2011) (warning that an ALJ who makes a step-three equivalence determination without expert-opinion evidence runs the risk of impermissibly playing doctor).

The *Stratton* court further explains that SSR 96-6p treats equivalence determinations differently from determinations as to whether an impairment meets a listing, requiring expert evidence for the former, but not the latter. *Id.* at. *12; citing *Galloway v. Astrue*, 2008 WL 8053508, at *5 (S.D. Tex. 2008) ("The basic principle behind SSR 96-6p is that while an ALJ is capable of reviewing records to determine whether a claimant's ailments meet the Listings, expert assistance is

crucial to an ALJ's determination of whether a claimant's ailments are equivalent to the Listings.") (citation and quotation marks omitted). This expert opinion requirement can be satisfied by a signature on the Disability Determination Transmittal Form. *Stratton*, at *12, citing SSR 96-6p, 1996 WL 374180, at *3 (The expert-opinion evidence required by SSR 96-6p can take many forms, including "[t]he signature of a State agency medical ... consultant on an SSA-831-U5 (Disability Determination and Transmittal Form)."); *Field v. Barnhart*, 2006 WL 549305, at *3 (D. Me. 2006) ("The Record contains a Disability Determination and Transmittal Form signed by Iver C. Nielson, M.D .... discharging the commissioner's basic duty to obtain medical-expert advice concerning the Listings question."). There is no Disability Determination and Transmittal Form as to plaintiff's physical impairments in this record.

The great weight of authority[3] holds that a record lacking any medical advisor opinion on equivalency requires a remand. *Stratton*, at *13 (collecting cases); *see e.g. Caine v. Astrue*, 2010 WL 2102826, at *8 (W.D. Wash. 2010) (directing ALJ to obtain expert-opinion evidence on equivalence where none was in the record); *Wadsworth v. Astrue*, WL 2857326, at *7 (S.D. Ind. 2008) (holding

---

[3] In *Stratton*, the court noted that a decision from Maine "stands alone" in determination that 20 C.F.R. § 404.906(b) "altered the longstanding policy that an ALJ is required to seek a medical opinion on the issue of equivalence." *Id.*, citing *Goupil v. Barnhart*, 2003 WL 22466164, at *2 n. 3 (D. Me. 2003).

that where record included no expert-opinion evidence on equivalence, "[t]he ALJ erred in not seeking the opinion of a medical advisor as to whether Mr. Wadsworth's impairments equaled a listing").  While the government has argued in other cases that courts in this district have concluded that the ALJ need not obtain expert opinion evidence in cases involving an SDM, *see Gallagher v. Comm'r*, 2011 WL 3841632 (E.D. Mich. 2011) and *Timm v. Comm'r*, 2011 WL 846059 (E.D. Mich. 2011), the undersigned does not find these cases persuasive. In both cases, the court concluded that because the regulations permitted an SDM to make disability determination without a medical consultant that the ALJ is, therefore, also permitted to do so where the "single decisionmaker" model is in use.  Nothing about the SDM model changes the ALJ's obligations in the equivalency analysis.  *See Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) ("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue.") (citing 20 C.F.R. § 1526(b)); *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir. 1995) ("Generally, the opinion of a medical expert is required before a determination of medical equivalence is made.") (citing 20 C.F.R. § 416.926(b)).  Based on the foregoing, the undersigned cannot conclude that the ALJ's obligation to consult a medical expert in making an equivalency determination is any different in a case where the SDM model is used. While the SDM is not required to obtain a medical

opinion in cases involving physical impairment, as noted in *Timm* and *Gallagher*,

nothing appears to have modified the ALJ's obligations and it makes little sense to

conclude that the ALJ is relieved from obtaining an expert medical opinion in

SDM cases.  Thus, the undersigned's analysis does not alter the SDM model,

which leaves the SDM discretion as to whether a medical expert is consulted as to

physical impairments.  Rather, the undersigned's analysis leaves intact the

requirements imposed on an ALJ in making an equivalency determination, which

does not otherwise appear to be modified by the SDM model.  *See also*, *Maynard*

*v. Comm'r*, 2012 WL 5471150 (E.D. Mich. 2012) ("[O]nce a hearing is requested,

SSR 96-6p is applicable, and requires a medical opinion on the issue of

equivalence.").

 While there is support for the proposition that such an error can be harmless

and the undersigned is not necessarily convinced that plaintiff can show that her

physical impairments satisfy the equivalency requirements, "[n]either the ALJ nor

this court possesses the requisite medical expertise to determine if [plaintiff]'s

impairments ... in combination equal one of the Commissioner's listings."

*Freeman v. Astrue*, 2012 WL 384838, at *4 (E.D. Wash. 2012).  For these reasons,

the undersigned concludes that this matter must be remanded so that the ALJ can

obtain the opinion of a qualified medical advisor on the issue of equivalence.

Given these conclusions, plaintiff's credibility will necessarily require re-

evaluation.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 4, 2013                         s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 4, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Patrick M. Carmody, Jr., Derri T. Thomas, AUSA, and the Commissioner of Social Security.

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7850
                                   tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Hayes v. Comm'r*; Case No. 11-14596